UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELAINE ANDERSON,

        Plaintiff,

                                       CASE NO. 1:24-cv-1244

v.

                                       HON. ROBERT J. JONKER

COUNTY OF BERRIEN et al.,

        Defendants.

_____/

## ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND

## RECOMMENDATION

The Court has reviewed Magistrate Judge Vermaat's Report and Recommendation (ECF No. 62) and the Objections to the Report and Recommendation that were filed by one set of defendants (ECF No. 64).  Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 Wright & Miller's Federal Practice and Procedure § 3070.2 (3d ed. 2025). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed R. Civ. P. 72(b)(3).  An objection is made "properly" if it is specific enough to allow the Court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

**DISCUSSION**

The Magistrate Judge recommends granting in part and denying in part the defendants' various motions to dismiss. (ECF Nos. 44, 46, and 48). In particular, the Magistrate Judge recommends dismissing the following: Count III in its entirety; Count IV against Sheriff Bailey and Captain Herbert only; and the official capacity claims against Sheriff Bailey and Captain Herbert that appear in any counts. (ECF No. 62, PageID.742). The Magistrate Judge also recommends that the Court order Plaintiff to amend Count IV in her complaint to clarify which legal standard applies to which allegations. (*Id*. at PageID.742).

One set of defendants—those associated with Wellpath, L.L.C.—have objected to the Magistrate Judge's Report and Recommendation. (ECF No. 64). In the objections, those defendants primarily reiterate and expand upon arguments presented in their earlier Motion to Dismiss (ECF Nos. 49 and 57). These defendants' objections fail to deal in a meaningful way with the Magistrate Judge's analysis. Therefore, they do not alter the Court's decision regarding the Report and Recommendation.

The Court will adopt the Magistrate Judge's recommendations regarding Count III. The Court will also adopt the Magistrate Judge's recommendation regarding Count IV, but with the caveat that claims asserted in Count IV against Defendant Morrisey will also be dismissed. The Court will reject the Magistrate Judge's recommendation to order Plaintiff to clarify which legal standard applies to which allegation in Count IV. And finally, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

## I.    Official Capacity Claims

In the Report and Recommendation, the Magistrate Judge notes that Berrien County Sherriff Bailey and Jail Administrator Captain Herbert are both being sued in their official

capacities.  (ECF No. 62, PageID.734).  Because "actions against parties in their official capacities are, essentially, actions against the entities for which the officers are agents," *Littlejohn v. Rose*, 768 F.2d 765, 772 (6th Cir. 1985), it is redundant to sue both the agent in an official capacity and the entity for whom the agent works.  The Magistrate Judge correctly recommends dismissing the official capacity claims against those two defendants, and the Court adopts that portion of the Report and Recommendation.

Additionally, the Court notes that Defendants Morrissey and Thomas are also being sued in their official capacities even though the entity for whom they work, Wellpath, L.L.C., is also being sued.  For the same reasons that Defendants Bailey and Herbert Should not be sued in their official capacities, Defendants Morrissey and Thomas should also be sued only in their individual capacities.  Therefore, the Court dismisses the official capacity claims against those two defendants as well.

Finally, the Court notes that the Amended Complaint could be read as asserting claims under Count I and Count II against Defendants Bailey, Herbert, Morrisey, and Thomas in their individual capacities.  (*See* ECF. No. 62, PageID.742).  To clarify, though, the only theories of liability asserted in Counts I and II are based on either (1) an official policy or custom or (2) a failure to train or supervise.  These theories of liability rely on the Supreme Court's holding in *Monell v. Department of Social Services,* 436 U.S. 658 (1978), but *Monell* does not apply to individuals being sued in their individual capacities.  *See Lunneen v. Vill. of Berrien Springs*, No. 1:20-CV-1007, 2022 WL 16569574, at *12 (W.D. Mich. Nov. 1, 2022), *aff'd in part, appeal dismissed in part sub nom. Lunneen v. Vill. of Berrien Springs*, Michigan, No. 22-2044, 2023 WL 6162876 (6th Cir. Sept. 21, 2023).  Therefore, dismissal of those claims is appropriate as well.

## II.    Individual Capacity Claims in Count IV

One of the recommendations made in the Report and Recommendation is to dismiss the claims in Count IV that are being asserted against Defendants Bailey and Herbert.  (ECF No. 62, PageID.731).  The Magistrate Judge recommends dismissing those claims because the Complaint does not allege any specific factual allegations against those two defendants.  (*Id.*)

The Court agrees with the Magistrate Judge that dismissal of the Count IV claims against Defendants Bailey and Herbert is appropriate.  As the Sixth Circuit has explained, it is insufficient for a plaintiff to allege that a generic group of defendants have collectively caused a constitutional violation without explaining how each individual defendant was involved in the purportedly wrongful conduct.  *See Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012) ("Plaintiff must state a plausible constitutional violation against each individual defendant—the collective acts of defendants cannot be ascribed to each individual defendant.").  Therefore, the Court will dismiss those claims.

However, the same logic also requires dismissal of the claims in Count IV that are directed against Defendant Morrisey.  At no point does the Complaint ever allege that Morrisey engaged in any individualized action that contributed to the constitutional violation.[1]  Rather, the Complaint treats Defendant Morrissey the same way it treats Defendants Bailey and Herbert—it alleges that they failed to properly supervise or train their employees, but outside of that, it does not say how they were specifically involved in the allegedly wrongful acts that led to the wrongful death giving rise to this cause of action.  Because more is needed to bring claims against individuals under 42

---

[1] In this regard, the Complaint treats Defendant Morrisey differently than Defendant Thomas.  While the Complaint makes no specific factual allegations about Defendant Morrisey's actions relating to the wrongful, the Complaint does make numerous specific factual allegations about Defendant Thomas.  (*See, e.g.*, ECF No. 42, PageID.447 ("Defendant THOMAS went as far as to admit that she 'knew' her subordinate, Defendant ANDERSON, 'didn't do anything for David after seeing him for hours on his knees next to his hospital bed,' and that 'David deserved better than he got.'").  Although there are not many specific allegations about Defendant Thomas's actions, there are enough—given this stage of litigation—to warrant allowing the Count IV claims against her to proceed.

U.S.C. § 1983, dismissal of the Count IV claims brought against Defendant Morrisey is also appropriate.

### III.   Distinguishing Eighth and Fourteenth Amendment Standards

In the Report and Recommendation, the Magistrate Judge recommends that the Court order Plaintiff to amend Count IV in her complaint to clarify which legal standards apply to which allegations.  (ECF No. 62, PageID.742).  This recommendation flows from the fact that the legal standards for medical treatment of incarcerated individuals are different depending on their custodial status.  Eighth Amendment standards apply post-conviction; Fourteenth Amendment standards apply pre-conviction.  *See Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021).

In most cases, the question of whether a detainee is being held pre-conviction or post-conviction is straightforward.  However, in this case, the defendant pled guilty to a felony offense on the afternoon of November 19, 2021, and died in the early hours of November 20, 2021. Given the close timing between the death and the guilty plea, there are bound to be some nuanced questions of fact that will influence a decision on which legal standards apply to which allegations. Because nuanced questions of fact are best resolved during discovery, it is the Court's opinion that it would be premature at this time to instruct the Plaintiff to clarify which legal standards apply to which claims.  Therefore, the Court rejects the Magistrate Judge's recommendation on this point.

### IV.   The State Law Claims

Of the four counts remaining, three assert claims brought under § 1983.  A fourth count— Count V, negligence causing wrongful death—asserts only state law claims. In the motion to dismiss, the Wellpath defendants argue that Anderson's state law claims should be dismissed because they are medical malpractice claims barred by the statute of limitations.  (*See* ECF No. 49, PageID.591).  The Magistrate Judge correctly rejected this argument because, under Michigan

law, the representative of an estate has two years to bring a claim after being appointed personal representative.   (ECF No. 62, PageID.741–41 (quoting Mich. Comp. Laws § 600.5852)). Accordingly, the Magistrate Judge recommended that the Court deny the motion to dismiss the state law claims.

The Court agrees that the motion to dismiss the state law claims should be denied for the reasons articulated by the Magistrate Judge.  That does not mean, however, that the state law claims should necessarily continue to proceed in federal court.  Whether to exercise supplemental jurisdiction over state law claims is a determination within the Court's discretion.  *Mitchell v. City of Benton Harbor*, 137 F.4th 420, 443 (6th Cir. 2025).   In determining whether to retain supplemental jurisdiction over Plaintiff's state law claims, the Court "should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues."  *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).

Here, it makes little sense for the Court to exercise jurisdiction over the state law claims. Many of the defendants in this case are either municipalities or individuals who are being sued in their official capacities.  State law claims against municipal defendants are best handled in the state system.  Standards of liability and questions of governmental immunity are different on the state law claims.  Therefore, the Court declines to exercise supplemental jurisdiction over any state law claims.

### CONCLUSION

To summarize, the Court is dismissing Count III in its entirety; dismissing any claims being brought against Defendants Bailey, Herbert, Morrisey, or Thomas in their official capacities; dismissing Count IV claims brought against Defendants Bailey, Herbert, and Morrisey; and

declining to exercise supplemental jurisdiction over the state law claims.  Additionally, because

no claims remain against Defendants Bailey, Herbert, or Morrissey, the Court is dismissing them

from the case.  Thus, the claims that remain are as follows:

| Count | Claim | Defendants |
|---|---|---|
| I | 42 U.S.C. § 1983: Violation of Plaintiff-Decedent's Eighth and Fourteenth Amendment Rights by Official Policy or Custom and Failure to Train or Supervise. | Berrien County |
| II | 42 U.S.C. § 1983: Violation of Plaintiff-Decedent's Eighth and Fourteenth Amendment Rights by Official Policy or Custom and Failure to Train or Supervise. | Wellpath, L.L.C. |
| IV | 42 U.S.C. § 1983: Deliberate Indifference in Violation of Plaintiff-Decedent's Eighth and Fourteenth Amendment Rights. | Berrien County; Sergeant Will; Deputy Cipriano; Deputy Boelcke; Deputy Zabel; Deputy Warman; Deputy Jewell; Deputy Kehoe; Deputy Scienski; Wellpath, L.L.C.; Karen Thomas; Kelly Anderson; and Rianca Washington |

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the
Magistrate Judge (ECF No. 62) is **ADOPTED IN PART** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the state law claims are **DISMISSED** without
prejudice because the Court declines to exercise supplemental jurisdiction over the state law
claims.  The case will proceed on the federal claims only.

**IT IS SO ORDERED.**


Dated:  March 6, 2026                                  /s/ Robert J. Jonker
                                                       ROBERT J. JONKER
                                                       UNITED STATES DISTRICT JUDGE